IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FILED**

FEB 27 2006

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By:_____
Deputy Clerk

MARVIN WASHINGTON, )
)
Plaintiff, )
)
v. ) No. CIV 03-364-WH
)
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
)
Defendants. )

## ORDER

This action is before the court on defendants' motion for summary judgment. The court has before it for consideration plaintiff's amended complaint [Docket #25], the defendants' motion [Docket #66], plaintiff's response, brief in support, and affidavit [Docket #69, #70 and #71], and the defendants' reply [Docket #73].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lexington Correctional Center in Lexington, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages and injunctive relief for alleged constitutional violations occurring during his incarceration at Davis Correctional Facility in Holdenville, Oklahoma (DCF). The defendants are Corrections Corporation of America (CCA), DCF Assistant Warden Boyd, DCF Acting Warden Charles Ray, and DCF Officers Fixico, Selbelka, and Story.

Plaintiff alleges the defendants have conspired to deprive him of due process and equal protection by discriminating him because of his race and because of his previous lawsuit. He claims that on or about May 1, 2002, Defendant Story issued him a misconduct

for Disobedience to Orders for possessing a personal pair of Reebok shoes. Plaintiff claims he was found guilty of the offense and punished with the loss of earned credits, canteen restrictions, and a decrease in his earned credit level. Plaintiff, who describes himself as a black inmate, asserts he has seen white inmates have their misconducts dismissed because of their race.

Plaintiff also alleges that on February 19, 2003, Defendant Fixico issued him a misconduct for Disobedience to Order for smoking. Plaintiff contends that no evidence of his guilt, except for the lies of the facility officers, was presented at his hearing. He was convicted of this second offense, and Defendant Assistant Warden Boyd disregarded his claims that a white inmate, who also was caught smoking, did not receive a misconduct.

Plaintiff next alleges he was denied the right to practice his religion. He asserts he is a Black Hebrew Isralite [sic], but on March 25, 2003, his name was arbitrarily removed from the list of inmates who are allowed a Kosher diet and the use of prayer oils. He claims he was advised that only practitioners of Islam and Wicca could receive prayer oils, and only Jews could be served a Kosher diet.

Plaintiff's final claim asserts that the more than 300% markup of certain items sold in the prison grocery store violates the prohibition against cruel and unusual punishment, the state and federal usury laws, and the RICO Act. He further claims that on or around March 2003, the defendants sold certain items at well over a 20% markup. As examples, he lists a can of soda that sold for 85¢ in the visiting room, when the same item was sold for 35¢ in the prison grocery store and the employees' vending machine. He also alleges he bought a 13-inch color television for $190.80, when the cost to the prison was no more than $85.00.

The defendants have filed a motion for summary judgment, alleging that, pursuant to

42 U.S.C. § 1997e(a), plaintiff has failed to exhaust his administrative remedies as to all claims. According to the defendants, plaintiff exhausted his administrative remedies on the issue of prayer oils, but he did not complete the grievance process for his smoking misconduct and for the pricing of items for sale to inmates. Plaintiff did not even initiate the administrative process for his other claims.

David Brown, DCF Quality Assurance Manager, has submitted an affidavit stating he reviewed the facility's grievance records and logs that pertained to plaintiff. DCF policy requires an inmate first to attempt to resolve matters informally through the Request to Staff process. If that is unsuccessful, he must file a grievance with the facility grievance officer within seven days of the incident at issue. If the inmate is dissatisfied with the grievance officer's action, the inmate must then appeal the issue to the facility head for review and decision.

The record shows that plaintiff filed a Request to Staff with Chaplain Baker concerning his desire to purchase prayer oils from an outside vendor. He then filed Grievance No. 03-009 on February 13, 2003, which was denied by the grievance officer. Plaintiff's appeal of the grievance decision was denied by Assistant Warden Ezell, as was his appeal to the Oklahoma Department of Corrections.

On March 19, 2003, plaintiff filed Grievance No. 03-22 concerning his allegation that he was discriminated against when an officer issued him a misconduct for smoking, but a white inmate who also was caught smoking was not written up. The grievance was returned as incomplete, and plaintiff was given ten days to submit a proper grievance. His resubmitted grievance was rejected for being on the wrong form, but he did file another grievance on the correct form which was assigned a new number, No. 03-032. The grievance

coordinator denied the grievance, and plaintiff did not appeal that decision.

On January 28, 2004, plaintiff filed Grievance No. 04-004 complaining about overpriced items in the facility canteen and visiting room. The grievance was denied, and plaintiff did not submit an appeal of the denial.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Here, other than his own conclusory allegations, the court finds plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies for all claims.

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED this 27th day of February 2006.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

4